WHITNEY IRON WORKS, Appellant, v. NATIONAL FIRE INSURANCE COMPANY

---

(March 15, 1926.   Opinion and Decree)

---

*(Syllabus by the Court.)*

1.  **Louisiana Digest—Insurance—Par. 160.**

Where the insured has been paid without suit, the amount ultimately claimed by it under a fire policy, there is no ground for claiming penalties under Act 168 of 1908; especially, where the

insured alleges in his suit for penalties that he has been paid the full amount for which he has made final proof of loss, in lieu of other proofs previously submitted.

2.   **Louisiana Digest—Insurance—Par. 160, 166.**

Demand for the amount due under the policy is a prerequisite to recovery of penalties.

Appeal from Civil District Court, Parish of Orleans, Division "A", Hon. Hugh C. Cage, Judge.

Action by Whitney Iron Works against National Fire Insurance Company for damages under Act 168 of 1908. There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Jno. C. Foster, of New Orleans, attorney for plaintiff, appellant.

Spencer, Gidiere and Phelps, of New Orleans, attorneys for defendant, appellee.

BELL, J.   The appeal taken herein is from a judgment maintaining an exception of no cause of action.

Plaintiff, as the insured under a fire policy, issued by the defendant company, brings this suit in the amount of $374.11, seeking recovery for twelve per cent damages on $3,117.65, the amount ultimately agreed between the parties as the total loss sustained under the policy.

The damages sued for are claimed to be due under Act 168 of 1918, because of the alleged failure on the part of defendant to pay the loss under the policy within sixty days after it had received proofs of loss filed with it by plaintiff. The petition alleges that proofs were filed on June 7, 1922, in the amount of $3,167.50, and subsequently plaintiff agreed to a reduction of its claim by the amount of $50.00,

and thereupon filed "for convenience" of the company a new proof of loss, for $3,117.50. The petition concludes with the following allegations:

"That although said insurance company has paid to your petitioner the amount of $3,117.65, it failed to do so within sixty days from June 7, 1922, the day on which it received proof of loss offered by your petitioner, and is therefore liable to your petitioner for the sum of $374.11, which said amount is 12% of the total amount due your petitioner by reason of the above mentioned loss, and is the penalty provided by Section 3 of Act 168 of 1908, for failure to pay claim within 60 days from the day of receipt of proof of loss of insured."

It is contended, in support of the exception filed herein, that there is no allegation in the petition that plaintiff was not paid within sixty days after its second proof of loss was submitted, nor is it alleged that demand was ever made upon the company for payment to plaintiff of the sum admitted to have been received, to-wit, $3,117.65.

It is argued that plaintiff, having agreed to a reduction of its original claim, and having consented to file a new proof of loss, based upon the reduced claim, the time did not begin to run within which payment had to be made by the insurance company until the final proof of loss had been submitted by plaintiff, and furthermore, that demand for payment had to be made in order for plaintiff to bring itself within the act. Our contention is called to the following clause of Section 3 of the Act, which reads as follows:

"Should the company fail to pay within said time the amount due the insured under the policy, after demand made therefor, such company shall be liable to pay the holder or holders of such policy in addition to the amount of the loss, twelve per cent damages on the total amount of the loss as may be determined by a court

of competent jurisdiction, together with all reasonable attorney's fees for the prosecution and collection of such loss."

We are not cited to any authorities, nor have we been able to find any jurisprudence of this State applicable to the facts in the instant case, but it is reasonable to hold that the second proof of loss voluntarily filed by the plaintiff in this matter fixed the time from which the delays for payment by the company should be made under the terms of the Act. The proof ultimately filed is the only proof of loss which can be considered as the basis of the claim presented by plaintiff in this matter.

The above quoted provisions of Section 3 are similar to other like statutes which have been interpreted by the Supreme Courts of Georgia and Texas. In the case of Northwestern Life Insurance Company vs. Sturdevant, 59 S. W. 61, the Texas Court said:

"Sayles' Civ. St. Art. 3071, provides that in all cases where a loss occurs, and the life or health insurance company liable therefor shall fail to pay the same within the time specified in the policy, after demand made therefor, the compay shall be liable in addition to pay the policy holder 12 per cent damages on the loss and reasonable attorney's fees. Held, that a demand was necessary under such section to entitle plaintiff to the benefit thereof, notwithstanding its apparent futility.

"The suit itself was not such a demand as the statute intended."

The Supreme Court of Georgia, in the case of Ancient Order United Workmen vs. Brown, 37 S. E. 890, said:

"To render an insurance company liable for attorney's fees, under the provisions of Section 2140 of the Civil Code, a demand and a refusal to pay, 60 days before suit is brought, must be plainly averred, and the truth of such averment must be established on the trial. No such demand and

refusal being averred and proved in the present case, the recovery of attorney's fees was not authorized."

The exception of no cause of action herein filed appears to us to have been well-founded and properly maintained.

It is ordered that the judgment appealed from be and the same is hereby affirmed, at plaintiff's cost in both courts.