11 So.2d 527

## SBISA v. AMERICAN EQUITABLE ASSUR. CO. OF NEW YORK.

### No. 36303.

May 25, 1942.

On Rehearing Dec. 30, 1942.

St. Clair Adams & Son, of New Orleans, for defendant and appellant.

Lewis R. Graham and Harry R. Cabral, both of New Orleans, for plaintiff and appellee.

HIGGINS, Justice.

The plaintiff instituted this action to recover the sum of $2,000, representing the face value of a fire insurance policy covering a one and one-half ton red sound truck and its equipment, and for statutory penalties and attorney's fees. The defense is fraud and false swearing by the plaintiff in connection with his proof of loss and violation of a provision of the policy which is said to render the entire policy void.

The case was referred by a judge of the Civil District Court to the commissioner of that court and he found that the plaintiff, through haste and carelessness, had

erroneously included a number of invoices covering the cost of his blue sound truck with his supplemental proof of loss required by the company; that as to two of the items contained therein, the plaintiff knew or should have known that they formed no part of the original cost of the red truck; that while the plaintiff, in that respect, swore falsely, nevertheless, in his proof of loss, he had stated that the red truck actually cost him $3,253.05, and on the trial of the case proved that the cost was $3,265.69; and that as the plaintiff's actual and honest loss exceeded the face value of the policy of $2,000 and there was no false swearing in over-valuing his loss and therefore the evidence did not tend to show that he attempted to defraud the defendant, the plaintiff, under the jurisprudence of this State, was entitled to recover the sum of $2,000 on the policy, plus statutory penalties of 25% or $500 and a reasonable attorneys' fee of $250, under the mandatory provisions of Act 59 of 1921, Extra Session.

The district judge, based upon the commissioner's report and recommendation, entered judgment accordingly.

The defendant appealed suspensively.

The record shows that during the year 1933 the plaintiff had Gerald de Otter build him two sound trucks—truck No. 1 being the red truck and truck No. 2, the blue one. The construction on the red truck was started in the latter part of February 1933 and completed during June of that year. The construction of the blue truck began in July and was finished in the early part of the year 1934. The plain-tiff paid for the invoices covering all of the items that went into the trucks, discounting them for cash. These sound trucks were used for advertising purposes. On December 22, 1936, at about 5:30 p.m., when the red sound truck was returning from a trip in St. Tammany Parish, it was totally destroyed by fire on the public highway on the New Orleans side of the Watson-Williams Bridge. There is no suspicion that the fire was of incendiary origin. The insurance company, upon the plaintiff's request, furnished him with a blank form for proof of loss. This form was filled out and sworn to on January 18, 1937, and filed with the insurance company by the plaintiff. Its representatives were not satisfied with this proof of loss in which plaintiff stated the red truck cost $3,253.05 and requested a supplemental statement with invoices, which were furnished in itemized sworn form on January 25, 1937. Apparently this second statement was unacceptable because the attorneys for the defendant, under a provision in the policy, requested that the plaintiff then be examined under oath as to the correctness and truthfulness of the items included in the affidavit showing the original total cost of the red sound truck to be $3,253.05. During this examination, on February 4, 1937, it was revealed that many of the invoices covered the second or blue truck and not the red one and that other items were for maintenance of the red truck and not for its construction. It also developed that the plaintiff had obtained one receipt for construction work on the red truck and had sworn that it was the original receipt, whereas, it had been obtained since

the fire occurred. Upon concluding that the plaintiff had deliberately sworn falsely, with a view of defrauding the insurance company, liability was denied in toto, it being claimed that the fraud vitiated the policy entirely under the following clause thereof: "This entire policy shall be void if the Assured has concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof; or in case of any fraud, attempted fraud, or false swearing by the Assured touching any matter relating to this insurance or the subject thereof, whether before or after a loss."

The present suit followed and was filed on October 6, 1937. The commissioner found that on the supplemental itemized statement of the original cost of building the red sound truck there were some eighty items and that forty-three of these invoices were improper because they formed no part of the cost of building it. These items aggregated the sum of $1,585. He also found that the plaintiff had erroneously failed to include therein thirty-four legitimate items which went into the construction of the red truck and that these items, with discounts included, amounted to $1,819.11, to which amount the plaintiff was entitled to credit.

At the time the proofs of loss were filled out, de Otter was out of the city and plaintiff was deprived of his assistance in establishing the claim, but, upon the trial of the case, de Otter testified from his own as well as such records as the plaintiff was able to find (these records having been scattered because the fire occurred

about three and one-half years after the truck was built) that the red truck cost approximately $3,300, and, because it was kept in excellent condition, at the time it was destroyed by fire it could not have been replaced at a cost less than $4,000. The evidence also shows that the company's representatives, three months before the fire occurred, solicited the plaintiff to increase the policy from $2,000 to $4,000, because the truck was worth that amount. In connection with the proof of loss, the plaintiff also furnished the defendant with a large photograph of the red sound truck, which showed that it was an elaborate one. It also appeared that the red truck, in addition to the sound apparatus, was also equipped with a radio studio.

In jurisdictions outside of Louisiana there appears to be a conflict of authority as to whether or not the claimant is entitled to recover on a fire insurance policy where he is guilty of willful false swearing in fraudulently over-stating his loss, some of the cases holding that the policy is thereby rendered void under its express provision and other cases holding that if the loss in fact and truth exceeds the amount of the insurance, the claimant would be entitled to recover the face value of the policy, notwithstanding his intentional fraudulent over-statement under oath of the loss. 14 R.C.L. 1344; Dolloff v. Phœnix Ins. Co., 82 Me. 266, 19 A. 396, 17 Am.St.Rep. 482; Springfield Fire, etc., Co. v. Winn, 27 Neb. 649, 43 N.W. 401, 5 L.R.A. 841; Cooley's Briefs on Insurance, Vol. 7, 5845, 5846; Joyce on Insurance, Sec. 3340; Clement on Fire In-

surance, Vol. 1, p. 277; Richards on Insurance, p. 365; Alfred Hiller Co. v. Insurance Co. of N. A., 125 La. 938, 52 So. 104, 32 L.R.A.,N.S., 459; 20 A.L.R. 1171.

In the case of Dunn et al. v. Springfield F. & M. Ins. Co., 109 La. 520, 33 So. 585, 587, this Court quoted with approval from Erman v. Sun Mutual Ins. Co., 35 La. Ann. 1095, in part, as follows: " '* * * To work such forfeiture, the assured must knowingly and intentionally, and therefore fraudulently, have sworn with the *intent to deceive the insurer and get from him a value falsely put upon the property.'* " (Italics ours.)

In the case of Strauss v. Insurance Company of N. A., 157 La. 661, 102 So. 861, 864, where the plaintiff's suit was based on a fire insurance policy covering merchandise in a store, after stating that the false entries found in the plaintiff's inventory were due to "his clumsy, negligent, and faulty method" in keeping his books and making the entries, and that this was not equivalent to fraud or false swearing, the Court said:

"* * * It is a fact undisputed that the actual loss was far in excess of the aggregate amount of insurance carried with all the companies.

* * * * *

"Whether the changes were or were not made, whether they were true or false, the fact remains that the plaintiff's loss was far in excess of the total insurance."

The Court affirmed the judgment of the district court allowing recovery and the penalty.

In the instant case, even though the two charges for construction were false, "the fact remains that the plaintiff's loss was far in excess of the total insurance."

In the case of Perot v. Carolina Ins. Co., 171 So. 458, 462, the Court of Appeal of the Second Circuit had before it a suit on an insurance policy covering household furniture. Annexed to the plaintiff's proof of loss was a list of household goods destroyed by the fire, giving the cost price thereof and the dates when purchased. Later, the company required the plaintiff to testify under oath before its attorney, as in the instant case. Thereafter, in defending the suit, the company averred that the plaintiff had padded his proof of loss and had sworn falsely in his testimony under oath, having stated that the suite of furniture was bought in 1932 for $558, when, in fact and truth, it was bought in 1931 at a cost of $413.50. The Court, in holding that the plaintiff had not intentionally, but through error, sworn falsely, stated: "There was evidently no intention on the part of plaintiff to defraud the insurer and the insurer was not defrauded, for plaintiff could have left off the list entirely the suite of furniture and the value of the remaining items would have been greater than the amount of insurance carried on all of it. In order to work a forfeiture of insurance by false swearing, there must exist an intent to defraud and the statement made must be willfully false and concerning same material matter, and made with the intent to defraud the insurer. Plaintiff did none of the things required by the above rule to work a forfeiture."

In the present suit, even if it be conceded that the plaintiff intentionally swore falsely as to the Magendie Iron Works' bill of $141.50 and to the Scioneaux statement of $400 for the body construction of the truck, as concluded by the commissioner, a view most favorable to the defendant, the two items total $541.50 and after deducting them from the amount of the loss claimed by the plaintiff or the proved amount of the loss, his claim would still be in excess of the face value of the $2,000 insurance policy.

From the record as well as the commissioner's report, it appears that there was no fraudulent over-valuation of the truck and no false swearing as to its cost by the plaintiff and that the true loss sustained by him exceeded the amount of the policy and, therefore, the plaintiff had not attempted to collect more money than his actual loss. In fact, if he had collected, he would not have received the true amount of his loss.

In the light of the decisions of this Court above referred to and under the facts and circumstances of this case, it is our opinion that the insurance policy in question was not voided and plaintiff's claim thereunder not forfeited by his acts and that he is entitled to recover the face value thereof.

The defendant contends that the judgment of the trial court erroneously allowed the statutory penalty of 25% and a reasonable attorney's fee of $250 under the provisions of Act No. 59 of 1921, Extra Session. Section 3 of this statute reads as follows: "That whenever any loss or damage shall be suffered in this State from fire and theft by any person, firm or corporation, upon property insured under a policy of insurance of any fire insurance or theft insurance company doing business in this State it shall be the duty of the fire or theft insurance company that has issued the policy or policies upon receipts of proofs of loss from the assured, to pay the amount due under its policy or policies, within sixty days thereafter, or if the said proofs of loss are not satisfactory to the company, it shall be the duty of the company to proceed under the terms of the policy or policies to ascertain and adjust the amount of the loss and its liability under the terms of the policy or policies and to make payment of the amount due under policy or policies to the insured within sixty days from date upon which it received the proofs of loss offered by the assured, and should the company fail to pay, within said time the amount due the insured under the policy after demand made therefore [therefor], such company shall be liable to pay the holder or holders of such policy in addition to the amount of the loss, twenty-five per cent damages on the total amount of the loss as may be determined by a court of competent jurisdiction together with all reasonable attorney's fees for the prosecution and collection of such loss; provided that whenever the insurance company shall pay to the insured within sixty days from the date upon which it received the proofs of loss, offered by the assured the amount which its adjuster or agent has determined or admitted to be due, then in that case the insured shall only recover from the said

insurance company the difference between the amount thus paid him and the amount judicially ascertained to be actually due under the policy together with twenty-five per cent damages on said difference and all reasonable attorney's fees for the prosecution and collection of such loss." Brackets ours.

Under the plain provisions of the statute, it was encumbent upon the insurance company, after it concluded that the proof of loss was not satisfactory, to proceed to ascertain and adjust the amount of the loss and its liability under the terms of the policy and make payment of the amount due thereunder to the insured within sixty days from the date it received the proof of loss. The record shows that the company considered the original proof of loss filed on January 18, 1937, unsatisfactory, and required the plaintiff to file the supplemental proof of loss, in itemized form, on January 25, 1937. This supplemental proof of loss was likewise unacceptable and the company then had its attorney, under the provisions of the policy, interrogate the plaintiff, under oath, on February 4, 1937. From this examination and the answers elicited, the company's representative concluded that the plaintiff was presenting a fraudulent claim and as he had sworn falsely, he had thereby forfeited his entire claim under the policy. It does not appear that any further effort was made by the defendant's representatives to ascertain and adjust the true amount of the plaintiff's loss with him and the company failed to ask for an arbitration, which it might have demanded under the terms of

the policy, and also failed to tender the plaintiff any amount whatsoever on his claim. There is nothing to show that the defendant's representative offered the plaintiff any opportunity to furnish additional evidence to show that while he had erroneously included vouchers and receipts for labor and material that went into the construction of the blue truck in making his proof of loss, nevertheless, in fact and truth, he had other receipts and vouchers to prove that items in excess of the erroneously included ones did go into the construction of the red truck, which had an actual value of $3,265.69. Defendant's position was that plaintiff was guilty of false swearing and fraud and therefore forfeited his entire claim.

In the case of Isaac Bell, Inc., v. Security Ins. Co., 175 La. 599, 143 So. 705, the suit was to recover the sum of $1,000, representing the loss of a store building covered by fire insurance and for penalties and attorney's fees, under the provisions of Act 168 of 1908. The defense was that the plaintiff had voided the policy, because foreclosure proceedings were instituted for the sale of the property with the knowledge of the insured. It was shown that the property was seized under a writ of fieri facias, but not in a foreclosure action. The trial judge rendered judgment in favor of the plaintiff for the sum of $1,000, but rejected the demands for statutory penalties and attorney's fees. The Court of Appeal affirmed the judgment, pointing out that the insurance company's defense was serious and, therefore, it was not to be blamed or penalized for resisting the demands of the plaintiff. On a writ of cer-

tiorari to this Court, the Court of Appeal and the district court's rulings were annulled and the penalty and attorney's fees allowed the plaintiff, the Court pointing out that the penalty and attorney's fees were made mandatory by the provisions of the statute.

In the case of Garnier v. Aetna Ins. Co., 181 La. 426, 159 So. 705, suit was on a fire insurance policy covering a residence and for penalties and attorney's fees under Act 168 of 1908. The defense was fraud and over-valuation of the claim. The plaintiff claimed and sued for $3,000, although his own contractor had estimated the loss at $2,272 and the insurance company's contractor fixed it at $1,983. Upon the trial of the case, the plaintiff introduced testimony of others tending to show that the loss would be in excess of $3,000 and, therefore, the court concluded that he was not guilty of fraud or false swearing and then held that the penalty of 12% and the attorney's fees were mandatory under the statute.

In the case of Hammett et al. v. Fire Association of Philadelphia, 181 La. 694, 160 So. 302, the plaintiff sued for the sum of $400, representing the alleged value of his Chevrolet car destroyed by fire, and for statutory penalties and attorney's fees under the provisions of Act 59 of 1921, Extra Session. The defendant filed an exception of prematurity on the ground that the policy contained a clause requiring the parties to submit the matter of adjusting the claim to arbitration and that the two attempts at arbitration had failed, and second, that the statute was unconstitutional. In af-

firming the judgment of the district court, we held that the suit was not premature and that the statute was constitutional. In allowing the penalties and attorney's fees, we pointed out that the company, within the sixty day period provided by law, could reasonably determine the extent of the loss, if any, and tender the correct amount due the plaintiff, if any, and thereby avoid the payment of penalties and attorney's fees, except as to any sum the court might award in excess of the amount tendered.

In the instant case, the record shows that in a renewal policy dated October 22, 1936, which was in effect on December 22, 1936, the date the truck was destroyed by fire, the actual cost of the truck, including the equipment, was stated as $3,000. Within three months before the fire, the company's agent or representative solicited the plaintiff to increase the insurance to $4,000, as the truck was worth that amount. The photograph of the truck filed with the proof of loss showed that it was an elaborate sound truck. The original and supplemental proof of loss showed that the plaintiff had suffered the loss of this truck through fire. But the defendant made no effort to adjust the loss by appraisal or arbitration with the plaintiff and failed to tender him any amount whatsoever, standing on its alleged right to void the policy and to forfeit the entire claim because the plaintiff had sworn falsely as to two items of the cost of construction of the red truck and erroneously included others. The company must be held to have known that under the jurisprudence of this State false swearing in connection with

the proof of loss on a fire insurance policy is not per se fraud which vitiates the policy. Under the previous decisions of this Court, even if the insurance company, in good faith, presents what it considers a well-founded and serious defense to a claim of loss under a fire insurance policy, in the event the Court concludes that the plaintiff is entitled to recover, the defendant will not thereby be relieved of the payment of the statutory penalties and a reasonable attorney's fee, because they are mandatory by the provisions of the statute.

For the reasons assigned, the judgment appealed from is affirmed at appellant's costs.

ODOM, J., concurs except as to the infliction of the penalties.

McCALEB, Justice (concurring).

I am in full accord with the views expressed in the main opinion on the question of the defendant's liability. And, since it has been held in the case of Isaac Bell, Inc., v. Security Ins. Co., 175 La. 599, 143 So. 705 (cited in the main opinion) that the penalties and attorney's fees imposed by Act No. 168 of 1908 (the language of which is identical with that used in Section 3 of Act No. 59 of 1921) are mandatory, I concur in the assessment of the statutory penalty and attorney's fees against the defendant in this matter. See also Smith v. World Fire & Marine Ins. Co., 147 So. 567, where the Court of Appeal for the First Circuit, following the decision in the Bell case, held that the penalties and attorney's fees provided for by Act No. 59 of 1921, Ex.Sess., are mandatory.

For these reasons, I respectfully concur in the decree.

On Rehearing.

McCALEB, Justice.

A rehearing was granted in this case for the sole purpose of reconsidering the liability of the defendant for the penalties and attorney's fees provided for by Act 59 of 1921, Ex.Sess.

In its plea to this Court on rehearing, defendant insists that we were in error in approving the assessment by the lower court of penalties and attorney's fees for the following reasons:

1. That the plaintiff did not, as a condition precedent to recovery of statutory damages and attorney's fees, make a demand for payment of the amount due under the policy as required by section 3 of Act 59 of 1921, Ex.Sess., and

2. That plaintiff did not satisfy the burden of proof, required by the policy contract and by Act 59 of 1921, Ex.Sess., by submitting to the defendant a true and sufficient proof of loss together with all books of account, bills, invoices and other vouchers, or by informing the company that he had such papers, but only submitted such evidence for the first time in court, after filing suit, which evidence had never previously been shown or produced to it.

The plaintiff has opposed further consideration of the case, and has filed a motion to recall the order granting the re-

hearing, setting forth that the reasons now advanced by the defendant for a reconsideration of the question of its liability for penalties are raised for the first time in the application for rehearing and that, under the well-established jurisprudence of this court, these points will not be noticed. We do not find it necessary to pass upon the question raised by counsel for plaintiff for the reason that a careful consideration of the case has satisfied us that the allowance to the plaintiff of the penalties and attorney's fees is conformable with the provisions of Act No. 59 of 1921, Ex. Sess.

In order that the contentions of the defendant may be intelligently discussed, it is apt to briefly restate some of the salient facts of the case. Plaintiff is the owner of two sound trucks which were built for him by one de Otter—a red truck and a blue one. The red truck was insured by the defendant against fire in the sum of $2,000. On December 22, 1936 this truck was totally destroyed by fire while it was returning from a trip in St. Tammany Parish on a public highway leading to New Orleans. After receiving notice of the fire defendant furnished plaintiff with a blank form for proof of loss. This form was filled out and sworn to by the plaintiff. Shortly after this proof of loss was filed, the defendant required the plaintiff to furnish a supplemental proof of loss because it was not satisfied with the statements contained in the original. Thereafter, the defendant, being still dissatisfied with the correctness of the vouchers submitted by plaintiff and the statements made by him in the first and second proofs of loss, requested that

he be examined under oath with respect to the correctness of the items included in the affidavit attached to the proof of loss which showed that the sound truck was worth $3,253.05. This examination was held on February 4, 1937, at which time it was discovered that the plaintiff had made a number of erroneous statements and that items aggregating the sum of $1,585 were incorrect.

Subsequently, on March 24, 1937, the defendant, taking the position that plaintiff had been guilty of false swearing with respect to the statements made by him in the proofs of loss and his examination under oath, denied any and all liability to plaintiff for the loss maintaining that all of his rights and claims against it under the policy contract had been forfeited.

Plaintiff thereafter brought suit in the District Court, in which he proved that, as a consequence of the fire, he had sustained a loss exceeding the face amount of the policy of insurance, and was awarded judgment for $2,000, plus the penalties and attorney's fees provided by Act No. 59 of 1921, Ex.Sess.

The first contention of the defendant on this rehearing is that the penalties and attorney's fees were erroneously awarded to plaintiff because he did not, as a condition precedent to recovery, make a demand for payment as required by section 3 of Act No. 59 of 1921, Ex.Sess.

This section of the statute, which has been quoted in full in our original opinion, provides in substance that, whenever loss or damage shall be suffered by the assured as a result of fire to property insured under

a policy of fire insurance, it shall be the duty of such fire insurance company, upon receipt of proofs of loss from the assured, to pay the amount due under its policy within sixty days thereafter "or if the said proofs of loss are not satisfactory to the company, *it shall be the duty of the company* to proceed under the terms of the policy or policies *to ascertain and adjust the amount of the loss* and its liability under the terms of the policy or policies *and to make payment of the amount due* under policy or policies to the insured within sixty days from date upon which it received the proofs of loss offered by the assured, *and should the company fail to pay, within said time the amount due the insured under the policy after demand made therefor,* such company shall be liable to pay the holder or holders of such policy in addition to the amount of the loss" 25% damages on the total amount of the loss together with reasonable attorney's fees. (Italics ours.)

It is pointed out by counsel for the defendant that the foregoing statute, being a penal one, should be strictly construed and that, since it clearly appears from the pleadings and proof submitted in the case that the plaintiff failed, prior to filing suit, to make demand for the payment of the amount due under the policy, recovery of the penalties and attorney's fees should be denied.

While we readily agree with counsel that the statute (in so far as the penalties. are concerned) is to be given a strict interpretation, this does not mean that literal compliance by the assured is to be regarded as essential where the action of the insurer can be considered as relieving the insured of such compliance. On the contrary, we are convinced that the penalties were rightly imposed in the instant case because the defendant, by reason of its absolute denial of liability to plaintiff for the amount due under the policy after the proofs of loss had been submitted, must be held to have waived the requirement of the statute respecting the necessity of a demand.

It is conceded in this matter that the assured suffered a loss which was covered by the policy. Proofs of loss were duly submitted by the plaintiff. If the insurance company was not satisfied with these proofs of loss, it was incumbent upon it, by the provisions of section 3 of Act No. 59 of 1921, Ex.Sess., to undertake to adjust the loss and pay to the assured the amount which it considered to be due. Instead of following this course, the defendant took the affirmative stand that there was no liability whatever under the policy because the plaintiff had sworn falsely in his proofs of loss. In view of this, it would have been futile for the plaintiff to have made demand on the company for payment of the loss. Obviously, the denial by the company was tantamount to a concession by it that the filing of the proof of loss constituted in adequate demand. One does not deny prior to the receipt of a claim. While the statute plainly contemplates a demand, other than the mere filing of a proof of loss and the filing of a suit in order for the penalties to attach, the requirement applies only in cases where the proof of loss has been filed and

the company has passively denied liability by failing to make payment within sixty days from the date upon which it received the proofs or where it has failed to adjust the loss and tender to the assured the amount which is due under the policy. But to say that in a case like this, where the proof of loss has been submitted and the company has notified the assured that it will not pay, that the assured is required to go through the useless ceremony of making another demand on the company, in order to be entitled to the penalties, would be to resolve that the plaintiff should treat the denial of the company as meaningless. The strict interpretation which is to be accorded to the statute does not require that we reach such an absurd consequence and, particularly so, in view of the well-established jurisprudence that, in cases where a putting in mora is exacted, it is unnecessary to do so where the debtor denies the obligation. See Louisiana Farms Co. v. Yazoo & M. V. R. Co., 179 La. 539, 154 So. 445 and authorities there cited, also Wadkins v. Wilson Oil Corp., 199 La. 656, 6 So.2d 720.

Counsel for defendant, relying heavily upon the rule of stricti juris as applied to the infliction of penalties, maintains that the affirmative action on the part of the defendant company does not operate as a waiver of the demand prescribed by the statute. In support of this contention, a number of cases are cited from this and other jurisdictions wherein it is held that the filing of a suit is not tantamount to the demand required by such penal statutes.

We quite agree with counsel that a demand of some sort is essential, in case the insurance company fails to pay within sixty days after the submission of the proofs of loss, and that the filing of the suit is not the type of demand contemplated by the statute. However, counsel have been unable to cite any authorities (except from the State of Texas) holding that a demand is a prerequisite to the recovery of penalties where it appears the insurance company has denied liability under the policy after the filing of the proofs of loss.

In some of the decisions from Texas a different view has been expressed. In Mutual Life Ins. Co. v. Ford, 103 Tex. 522, 131 S.W. 406, it was declared that, under a statute similar in its terms to Act No. 59 of 1921, Ex.Sess., the fact that the defendant insurance company denied liability under the policy did not relieve the plaintiff of the requirement to make a demand upon it for payment prior to the filing of the suit and that, in the absence of such demand, the penalties and attorney's fees would not be awarded. Later, in National Casualty Co. v. Mahoney, Tex. Civ.App., 296 S.W. 335, the Court of Civil Appeals of that State under a similar state of facts refused to allow penalties provided for under the statute. However, in a recent case, National Mutual Ben. Ass'n v. Aaron, Tex.Civ.App., 45 S.W.2d 371, the Court of Civil Appeals held that, since the company had denied liability of the claim, the demand prescribed by the statute would be inferred from such denial on the part of the company. In reaching this conclusion, the court relied upon the decision

of the United States Circuit Court of Appeals for the Fifth Circuit in Standard Accident Insurance Co. v. Bittle, 36 F.2d 152.

But aside from the apparent conflicting jurisprudence in Texas on this subject, we are of the opinion that the strict interpretation to be given to Act No. 59 of 1921, Ex.Sess., does not require that the insured do a vain and useless thing by making a demand in cases where the insurance company has asserted that it will not pay the amount claimed under the policy. Plaintiff is therefore entitled to recover the penalties and attorney's fees provided by the statute, the assessment of which, as we have already found in our original opinion, is mandatory.

Disposal of the foregoing point of the defendant leaves little to be said with respect to its other contention—which is that the plaintiff did not satisfy the burden of proof required by the statute in that he failed to submit a true and sufficient proof of loss and all books of account, bills, invoices, etc., or by informing the insurance company that he had such papers, but only submitted such evidence for the first time in court after he filed the instant suit. In stressing this proposition, counsel for the defendant argue that the company did everything required of it under the statute and under the policy of insurance; that, when the assured submitted his proof of loss containing numerous erroneous items, it could only require him to be examined under oath; that it was unable to arbitrate and that, under the provisions of the law, it was not in a position to adjust the loss.

The contention is not well founded because the argument of counsel fails to give consideration to the provisions of section 3 of Act No. 59 of 1921, Ex.Sess. That section imposes upon the insurance company, in case the proofs of loss submitted by the assured are not satisfactory, the duty of ascertaining and adjusting the amount of the loss and its liability under the policy and to make payment of the amount due to the insured within sixty days from the date upon which it received the proofs of loss. In the instant case, the insurer failed to comply with this provision of the law notwithstanding the fact that it knew that the loss had occurred; that ordinarily it would be liable therefor and that there were numerous items contained in the proof of loss which were admittedly correct. Therefore, under the circumstances, the company could have adjusted and ascertained the loss or, in any event, that part of the loss over which there was no dispute. But, in spite of the fact that the statute required this to be done, the company denied any and all liability on the ground that the policy had been forfeited because the assured swore falsely with respect to certain items contained in the proof of loss. In the circumstances, it took its chance upon the judgment of the court on the question of its liability and, having been unsuccessful, the assessment of the penalties and attorney's fees followed as a matter of course.

For the reasons assigned, our original opinion and decree herein are reinstated as the final judgment of this Court.

ODOM, J., dissents.