McBRIDE, Judge.
Certain of plaintiff’s property was stolen and he filed this suit against his theft insurer seeking to recover $2,950, its value. The defendant deposited said sum in the registry of the lower court, and by judgment plaintiff was recognized as being entitled thereto. Plaintiff is also seeking to recover the penalty and a reasonable attorney’s fee as provided for in LSA-R.S. 22:658, but the judge maintained defendant’s exception of no cause of action and dismissed that portion of plaintiff’s' claim, and he has appealed.
Plaintiff filed proof of loss October 1, 1959, and when the insurer neglected to settle within sixty days, plaintiff lost no time in filing suit. The exception- is, lev-elled at his failure to allege that he had. made demand on defendant for payment after expiration of the- sixty-day period, and the only question posed is whether plaintiff would be entitled to the penalty and attorney’s fee in the absence of such demand.
LSA-R.S. 22:658, so far as is pertinent to this case, provides in part that the insurer shall pay the amount of any claim due the insured:
“ * * * within sixty days after receipt of satisfactory proofs of loss from the insured, * * *. Failure to make such payment within sixty days after receipt of such proofs and de-. mand therefor, when such failure is' found to be arbitrary, capricious, or without probable cause, shall subject the insurer to- a penalty, in addition to the amount of the loss, of 12% damages on the total amount of the loss, payable to the insured, * * * together with all reasonable attorney’s fees for the prosecution and collection of such loss, * * ’ '
The statute in question is penal in nature and, therefore, is subject to strict construction. Nichols v. Iowa Mutual Insurance Company, 232 La. 856, 95 So.2d 338; Tedesco v. Columbia Ins. Co. of New Jersey, 177 La. 142, 148 So. 8. And to reap its, benefits plaintiff must conform to its provisions.
In the plainest of language, LSA-R.S. 22:658 provides that the insurer becomes amenable to the penalty and attorney’s fee for failure to make payment within sixty days after receipt of “such proofs and de *368 mand therefor.” Thus, demand is a prerequisite to the right of recovery for the penalties, and failure to make demand prevents such recovery.
It is no longer an open question that the statute contemplates a demand being made after expiration of the sixty-day period where the insurer is merely guilty of a passive denial of liability of the claim. In Sbisa v. American Equitable Assur. Co. of New York, 202 La. 196, 11 So.2d 527, 534 (on rehearing), 145 A.L.R. 332, et seq., the Supreme Court said:
“ * * * While the statute plainly contemplates a demand, other than the mere filing of a proof of loss and the filing of a suit in order for the penalties to attach, the requirement applies only in cases where the proof of loss has been filed and the company has passively denied liability by failing to make payment within sixty days from the date upon which it received the proofs or where it has failed to adjust the loss and tender to the assured the amount which is due under the policy. * * * ”
In Tedesco v. Columbia Insurance Co., supra, the Court was concerned with Act No. 168 of 1908, wherein are found provisions similar to the statute under consideration, and said [177 La. 142, 148 So. 9]:
“ * * * it is true that the losses were not fixed and tendered within the terms fixed by the said statute, but it is also true that there was never any demand made upon defendant to comply with the provisions of the act and to pay the amount due under the policies; and, as demand is made a prerequisite to the right to recover the penalties, the failure to make demand precludes their recovery. The statute in so far as the penalties are concerned is, of course, penal in its nature, and must be strictly enforced, and, in order to come within its provisions, the plaintiff must have complied stricti juris with every prerequisite necessary to recover. This he has failed to do.”
See, also, Whitney Iron Works v. National Fire Insurance Company, 3 La.App. 690, decided by this court.
Due to plaintiff’s noncompliance with the requisites of the statute, his claim is not within its purview, and we must conclude that the exception was properly maintained. The allegation of amicable demand without avail does not suffice.
Defendant-appellee answered the appeal praying that it be relieved of the payment of costs for which it was cast in the judgment. Defendant made the deposit in the court’s registry only after the institution of the suit. However, counsel take the position that whereas plaintiff sued without having made the requisite demand, the costs of court should be assessed against him.
We fail to see any merit in that contention. It is true plaintiff is not entitled to the penalties for failure to make demand after the expiration of the sixty days, but there is nothing in the statute that makes such demand essential before filing suit for the amount of the claim. Plaintiff was perfectly within his legal rights in bringing the action against the insurer when his claim was not paid within sixty days. A demand for payment on defendant, either before or after the expiration of the sixty days, was unnecessary.
Therefore, the judgment appealed from is affirmed.
Affirmed.