167 So.2d 527 (1964)
Henry STEADMAN, Jr.
v.
PEARL ASSURANCE COMPANY, Limited.
No. 1532.
Court of Appeal of Louisiana, Fourth Circuit.
July 15, 1964.
Rehearing Denied October 7, 1964.
Writ Refused December 1, 1964.
*528 Roccaforte & Rousselle, Leo W. Rousselle, New Orleans, for plaintiff-appellee.
Lemle & Kelleher, Allen R. Fontenot, New Orleans, for defendant-appellant.
Before YARRUT and SAMUEL, JJ., and CHRIS T. BARNETTE, J. Pro Tem.
CHRIS T. BARNETTE, Judge Pro Tem.
This is a suit for penalty and attorney's fees on account of the alleged failure of the defendant, insurer, to pay plaintiff, the insured, a loss occasioned by theft of a diamond ring within the time provided by law and under the terms of the policy. From a judgment for plaintiff for penalty amounting to $737.50 (being 25 percent of the $2,950.00 insurance) and $3,750.00 attorney's fees with interest and costs, the defendant has appealed.
A review of the litigation to this point is necessary.
Suit was filed initially on December 2, 1959. On the same day defendant, without knowing suit had been filed, offered settlement in full and informed plaintiff that draft was being issued accordingly. Settlement was refused as hereinafter discussed, and defendant deposited the sum of $2,950.00 in the registry of the trial court, and thereafter a judgment was rendered for that amount and paid with stipulation that payment would not prejudice plaintiff's claim for penalty and attorney's fees.
Exception of no cause or right of action was maintained as to penalty and attorney's fees. An appeal therefrom was taken to this Court and the judgment affirmed on the ground that plaintiff had failed to allege that demand for payment had been made to entitle him to penalty and attorney's fees under LSA-R.S. 22:658. Steadman v. Pearl Assurance Company, La.App., 127 So.2d 366. Certiorari was granted and a review of the judgment of this Court was ordered. The Supreme Court affirmed the judgment of this Court insofar as it maintained the exception of no cause or right of action, otherwise the judgment was reversed and the case remanded to the District Court with right reserved to plaintiff to file amended pleadings. Steadman v. Pearl Assurance Company, 242 La. 84, 134 So.2d 884. After amendment of pleadings, the case was tried on the issue of penalty and attorney's fees, and defendant has taken this suspensive appeal from an adverse judgment.
The record discloses that plaintiff-appellee acquired the ring in a dice game in 1953, and on June 24, 1959, insured it with defendant for the appraised value of $2,950.00. Early in September, 1959, plaintiff reported to defendant's agent that the ring was stolen from the glove compartment of his automobile on September 6, while the car was parked on a lot at an amusement park on Pontchartrain Beach. Thereafter negotiations took place between plaintiff and the adjuster, to whom the claim had been referred by defendant, for the replacement of the ring with one of similar design and equal value within the policy provisions. In this connection plaintiff was directed to a reputable jeweler in the City of New Orleans, but was unable to find a ring of comparable design and value and so informed defendant's adjuster. This was about September 29. On October 1, 1959, the plaintiff mailed to defendant's designated claims adjuster a proof of loss *529 for the insured value of the ring with cover letter informing him of dissatisfaction with ring replacements offered by the jeweler, concluding with the sentence: "Your prompt attention in concluding the claim would be greatly appreciated."
Thereafter there were no further negotiations between the parties for replacement or payment although defendant did, without knowledge of the plaintiff, request the jeweler who had made the appraisal for insurance purpose to attempt to find a replacement. Meanwhile, within the sixty-day period, plaintiff contacted the agent for defendant through whom he had obtained the policy to request a duplicate to be used in connection with legal proceedings for payment, penalty and attorney's fees in the event the claim was not paid within the time prescribed by law and under the terms of the policy. This demand was communicated to the defendant by the adjuster as reflected by his letter of October 21, 1959, to defendant's general agent. On November 10, 1959, the adjuster again wrote to the general agency reminding it of plaintiff's demand and intention to invoke the penalty statute and asking for instructions for further procedure in adjustment of the claim. The plaintiff heard no more from defendant, its agent or adjuster until December 2, 1959, when defendant's agent telephoned him that authorization had been received from the home office in New York to issue draft immediately in full settlement of the claim. Plaintiff replied that it was too late, the matter was in the hands of his attorney. As a matter of fact, suit was filed that day.
The principal claim is not at issue and never has been, though suit therefor was filed on December 2, 1959. We have no doubt that the offer of payment made by defendant was without knowledge that a suit had been filed or was being filed that day. Whether or not it had actually been filed when the offer was made, the record does not disclose. Defendant did not contest the payment on and after December 2, 1959, but on the contrary made every reasonable effort to get plaintiff to accept it. All litigation that has since taken place has been for the penalty of $737.50 and attorney's fees.
The pertinent part of LSA-R.S. 22:658 provides as follows:
"All insurers issuing any type of contract other than those specified in R.S. 22:656 and 22:657 shall pay the amount of any claim due any insured * * * within sixty days after receipt of satisfactory proofs of loss from the insured, * * *. Failure to make such payment within sixty days after receipt of such proofs and demand therefor, when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, * * *. * * * the amount of the penalty in each of the above cases shall be 25% and all reasonable attorney's fees. Amended and reenacted Acts 1958, No. 125."
Defendant has attempted to show that the proof of loss was not actually received by its agent until October 3, 1959, and that the tender of payment on December 2, was on the sixtieth day. We must agree however with the trial court that the evidence on this point is sufficient to find as a fact that the proof of loss was mailed on October 1, and received October 2, and that December 2, 1959, was the sixty-first day from receipt of the proof of loss. A tender of payment on that date was one day late and therefore not in compliance with the statute. As said by this Court and the Supreme Court on the first appeal in this case, the statute in question, being penal in nature, must be strictly construed, citing Nichols v. Iowa Mutual Insurance Company, 232 La. 856, 95 So.2d 338, and Tedesco v. Columbia Ins. Co., 177 La. 142, 148 So. 8, and that this applies both to the insurer and the insured. Strictly applied it does not mean sixty-one days, nor fifty-nine.
*530 This Court on the first appeal (127 So.2d 366) said
"It is no longer an open question that the statute contemplates a demand being made after expiration of the sixty-day period where the insurer is merely guilty of a passive denial of liability of the claim. * * *" (Citing Sbisa v. American Equitable Assur. Co. of New York, 202 La. 196, 11 So. 2d 527, 145 A.L.R. 332.) (Emphasis ours.)
This would apply only where there was no previous demand and where the proof of loss alone could not be construed as a demand in itself. It would be absurd to require a second demand to be made after sixty days, merely because the insurer had passively refused payment by sixty days of silence as in this case. Such an interpretation would defeat the purpose of the statute and give the insurer additional time not intended.
The trial court held, and we agree, that plaintiff's cover letter which accompanied the proof of loss, mailed October 1, 1959, concluding with the words, "Your prompt, attention in concluding the claim would be greatly appreciated.", was a sufficient demand to comply with the statute. Furthermore if there was ever any doubt of the plaintiff's intention and demand, it should have been removed by his informing defendant's agent, Mr. Brodtmann, when he requested duplicate copy of policy, that unless the claim was paid in full he would bring suit and invoke the penalty provisions of the statute. This warning was communicated to the claim adjuster, who, in turn, on October 21, 1959, wrote a letter to defendant's general agent in New Orleans to so advise. On November 10, 1959, the adjuster, Miazza Adjustment Company, wrote another letter reminding the general agent and concluded that letter as follows: "Inasmuch as time is running out, we would appreciate your instructions for further procedure in the adjustment of this claim." No instructions were given until December 2, 1959. The Miazza Adjustment Company was thoroughly diligent in its representation of defendant's interest. The fault was at a higher level in the defendant company and it must bear the consequence.
The earlier statutes on the subject of penalties and attorney's fees merely provided liability for failure to pay within sixty days. The amended law (LSA-R.S. 22:658) makes the further provision "* * when such failure is found to be arbitrary, capricious, or without probable cause, * * *." Defendant therefore argues that the added condition must exist and that it does not exist in this case. It emphatically denies that it was arbitrary, capricious, or delayed without probable cause. We quote from defendant's brief:
"Finally, if the company had not been in absolute good faith, and had wished to be technical, or had wished to seize upon an excuse to deny the claim or to haggle with the plaintiff it could very well have taken the position that, since plaintiff acquired the ring in question in a crap game (Tr. 97), and since plaintiff had never had the ring insured from its acquisition in 1953 until about three months before he reported its loss by theft (Tr. 98), the circumstances were suspicious, etc. Not once did the company take this position! Not once did the company attempt to make the plaintiff accept a compromise settlement!"
We do not know what, if anything, the defendant did from the time it was apprised of defendant's loss, by way of investigation of its above-implied suspicions. It did not deny liability, nor question the amount; no issue has been raised, no reason given, and we have nothing before us upon which we can judicially find the defendant not to have acted arbitrarily and without probable cause. The Supreme Court said in substance in a compensation case that where there was no dispute over liability or the amount due, there was no justification for delay, and failure to pay *531 was arbitrary, capricious and without probable cause. Fruge v. Pacific Employers Insurance Company, 226 La. 530, 76 So.2d 719. The words arbitrary and capricious are practically synonymous and mean without reasonable cause and do not necessarily imply an opprobrious connotation. Arbitrary action is based upon one's will and usually implies an abuse of one's authority or power. 6 C.J.S. Arbitrary, page 145. The defendant has offered no explanation of its delay or failure to contact plaintiff for sixty-one days and the penalty provision of the statute must apply.
The penalty is fixed by law at 25 percent of the claim, but the matter of attorney's fees is left to the discretion of the court and must be reasonable. The allowance of attorney's fees in the amount of $3,750.00 was grossly excessive.
Plaintiff is entitled to a reasonable attorney's fee for the filing of the suit initially, though it had no bearing upon the ultimate payment which was tendered before defendant had knowledge of the suit. Since no actual litigation was involved in the collection of this $2,950.00, we think a fee of 10 percent or $300.00 is fully adequate for preparation and filing of petition. The actual litigation has been over the penalty, $737.50.
The trial judge based his judgment on the fact that the plaintiff had been through the Court of Appeal and the Supreme Court and back through the District Court the second time. This unusual amount of litigation however resulted from plaintiff's failure to allege a cause of action properly in the first place. Except for the eleventh-hour reprieve given him by the Supreme Court with a chance to correct his own error, he would have received nothing. The defendant should not be penalized for plaintiff's mistake.
It is our opinion that in addition to the $300.00 for the filing of the suit initially, a fee for prosecution of the claim for the 25-percent penalty should not exceed one-third of the amount involved. Accordingly we think an allowance of $250.00 attorney's fee for this would be adequate. The total amount of attorney's fees is therefore fixed at $550.00.
The judgment of the trial court is amended by reducing the allowance for attorney's fees from $3,750.00 to $550.00, and as amended the judgment is affirmed. The defendant-appellant is cast for cost of the trial court, and the plaintiff-appellee is cast for the cost of appeal.
Amended and affirmed.