STATE FARM FIRE AND CASUALTY COMPANY, Appellant,

v.

Gene B. McFERRIN, Appellee.

Gene B. McFERRIN, Appellant,

v.

STATE FARM FIRE AND CASUALTY COMPANY, Appellee.

No. 23819.

United States Court of Appeals Fifth Circuit.

Sept. 18, 1967.

Rehearing Denied Nov. 24, 1967.

Fred H. Sievert, Jr., Lake Charles, La., P. A. Bienvenu, New Orleans, La., Stockwell, St. Dizier, Sievert & Viccellio, Lake

Charles, La., Bienvenu & Culver, New Orleans, La., for appellant.

Larry A. Roach, Jerry D. Kirk, Lake Charles, La., for appellee.

Before WISDOM and GODBOLD, Circuit Judges, and McRAE, District Judge.

PER CURIAM.

The plaintiff, Gene McFerrin, sued State Farm Fire & Casualty Co. to recover for the total destruction of his residence by fire. The jury returned a verdict for the plaintiff, awarding $35,875.00 for the dwelling, contents, and living expenses.

The jury further concluded that the insurer's failure to pay was arbitrary. The trial judge fixed attorney's fees at $6,000.00 and imposed a penalty of 12 per cent on the amount McFerrin recovered. See LSA 22:658.

The penalty was based on $35,875 less $17,313.12 McFerrin had paid previously under the mortgage clause of the policy. The three issues raised on this appeal concern (1) exclusion of certain evidence tendered by State Farm at the trial, (2) computation of attorney's fees, and (3) deduction of the amount paid to the mortgagee before calculation of the penalty.

██ (1) State Farm contends that the Trial Court erred in *refusing to admit evidence* of McFerrin's income tax returns and bank deposits for some five years preceding the fire. This evidence was intended to impeach his credibility and establish a motive for his setting the fire. We conclude that the Trial Court did not abuse its discretionary power *to control the breadth and scope of cross-examination* and introduction of evidence. Jones & Laughlin Steel Corp. v. Matherne, 5 Cir. 1965, 348 F.2d 394; Burns v. Travelers Insurance Co., 5 Cir. 1965, 344 F.2d 70.[1]

██ (2) As to attorney's fees, State Farm contends that they are excessive, McFerrin says they are inadequate. In setting the figure the trial judge considered the amount involved in the controversy, the complexity of the issues, and the length of the trial. This determination is within the trial judge's discretion, so long as the fees set are reasonable. Sensat v. State Farm Fire & Cas. Co., La.App.1965, 176 So.2d 804, 808; Steadman v. Pearl Assurance Co., La.App.1964, 167 So.2d 527, 531. We find that the fee set by the trial judge was reasonable.

██ (3) We find further that the Trial Court, before computing the 12 per cent penalty, correctly deducted from the amount due under the policy the amount *previously paid to the mortgagee.*[2] The Trial Court's dismissal of State Farm's counter-claim, based on an assignment of the mortgage to it, effectively relieved McFerrin of his liability on the mortgage and thereby correspondingly reduced "the total amount of the loss" *to him* because of the fire, or in the alternative, constituted "partial payment" to him.

The judgment of the District Court in all respects is affirmed.

1. The Trial Court's actions appear entirely consistent with the evidentiary principles governing this issue set out in LSA–R.S. §§ 15:490–91. See also 3 McCormick, Evidence §§ 983, 944, 1005 (1940). Although we recognize that the cited Louisiana statutory provisions represent *criminal* rules of evidence, we consider that such rules have an analogical value in the circumstances this case presents.

2. "Failure to make such payment * * * when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty * * * of 12% damages *on the total amount of the loss, payable to the insured* * * * or in the event a *partial payment* or tender has been made, 12% of the *difference between the amount paid* * * * *and the amount found to be due* * * *."* LSA 22:658. (Emphasis added)