# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 09-652


**BETTY JEAN PHARIS MORRISON, ET AL.**

**VERSUS**

**ALEXANDRIA COMMONS, LLC, ET AL.**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 226,200
HONORABLE DONALD T. JOHNSON, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***


**ELIZABETH A. PICKETT**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***


Court composed of Elizabeth A. Pickett, J. David Painter, and James T. Genovese, Judges.


**AFFIRMED.**


Fred A. Pharis
Pharis Law Offices
831 DeSoto Street
Alexandria, LA 71301
Counsel for Plaintiffs/Appellees:
    Betty Jean Pharis Morrison
    Samuel Jean Morrison

Charles V. Musso  Jr.
Plauche, Smith & Nieset
P. O. Box 1705
Lake Charles, LA 70602
Counsel for Defendants/Appellants:
    First Mercury Ins. Co.
    Jorge Dino

**PICKETT, JUDGE.**

The defendants, First Mercury Insurance Company and its insured, Jorge Dino (referred to jointly as First Mercury), appeal a judgment of the trial court awarding the plaintiffs, Betty Jean Morrison, individually and on behalf of her minor son, Benjamin Duane Morrison, and Samuel Jean Morrison, penalties and attorney's fees for First Mercury's bad faith in processing the settlement executed between the plaintiffs and the defendants. We affirm the judgment of the trial court.

## FACTS

The facts in this case were succinctly set out by the trial court in its Written Reasons for Judgment, and we adopt them as our own:

> Plaintiffs filed suit against Alexandria Common, LLC, Alexandria Lincoln Road, LLC, Partner's Commercial Roofing, Inc. and Zurich-American insurance for injuries Betty Jean Pharis Morrison sustained from an accident that occurred on May 29, 2006.
>
> A trial was set for October 14, 2008. The parties agreed to a settlement in which First Mercury Insurance was required to pay $190,000.00. The settlement was confected on September 19, 2008. The settlement was to be funded no later than October 20, 2008. The plaintiffs assert that First Mercury Insurance Company did not pay or fund the settlement within 30 days of the agreement. The payment was made on October 28, 2008. The plaintiffs state that because the settlement was contingent on all parties complying with the agreement, the additional sums [sic] of $80,000 paid by Zurich Insurance could not be timely negotiated. The plaintiffs assert that they sent repeated reminders to First Mercury to make the payment timely. Counsel for the plaintiffs was contacted by counsel for First Mercury on October 16, 2008, who stated that the payment was going to be delayed one day and requested extra time. Counsel for plaintiffs refused and warned that a motion would be filed to enforce the settlement. First Mercury replied that there was not going to be any additional effort to make sure the check was on time because plaintiffs would not waive its [sic] statutory insurance settlement enforcement rights.
>
> As a result, the plaintiffs filed a motion for damages for bad faith handling of [the] settlement alleging that defendant, First Mercury Insurance Company, failed to pay the settlement within 30 days after it was reduced to writing. First Mercury asserts that the handling of the

1

settlement was not in bad faith[,] and the plaintiffs are not entitled to penalties or attorney's fees.

The trial court found in favor of the plaintiffs and awarded the following amounts:

(1) $27,359.14 in penalties and $2,500.00 in attorney's fees to the plaintiffs under La.R.S. 22:658 [now La.R.S. 22:1892];

(2) $10,000.00 in general damages in favor of Betty Jean Morrison individually and on behalf of her minor son, Benjamin Duane Morrison (*i.e.*, $5,000.00 each); plus $5,000.00 in favor of Samuel Jean Morrison, all under La.R.S. 22:1220 [now La.R.S. 22:1973] ; and

(3) $5,000.00 in penalties to the plaintiffs under La.R.S. 22:1220.

The trial court also ordered that legal interest run on all amounts, excluding attorney's fees, from the date of the filing of the motion and that interest run on the $2,500.00, awarded as attorney's fees, from the date of the signing of the judgment. Additionally, First Mercury was cast with all costs.

First Mercury appeals arguing the following assignments of error:

(1) The Trial Court erred in finding that the settlement did not contain an unsatisfied suspensive condition and was not contingent upon approval of the workers' compensation settlement by the Workers' Compensation Court.

(2) The Trial Court erred in finding that First Mercury Insurance Company knowingly failed to pay the settlement within 30 days after it was reduced to writing.

(3) The Trial Court erred in finding that First Mercury Insurance Company violated the provisions of La.R.S. 22:658 by failing to pay medical expenses due to a third party within 30 days and awarding penalty and attorneys fees for said violation.

(4) The Trial Court erred in awarding a $5,000.00 penalty to the two loss of consortium claimants.

2

(5) The Trial Court erred in awarding $15,000.00 in general damages under Louisiana R.S. 22:1220.

## LAW AND DISCUSSION

In its written reasons for judgment the trial court set out the applicable law and discussed its application to the case sub judice as follows:

Louisiana Revised Statute provides two pertinent statutes applicable to this case.

Louisiana R.S. 22: 1220 provides,

A.  An insurer, including but not limited to a foreign line and surplus line insurer, owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach.

B.  Any one of the following acts, if knowingly committed or performed by an insurer, constitutes a breach of the insurer's duties imposed in Subsection A:
    [. . . .]
    2) Failing to pay a settlement within thirty days after an agreement is reduced to writing.
    [. . . .]

C.  In addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater. Such penalties, if awarded, shall not be used by the insurer in computing either past or prospective loss experience for the purpose of setting rates or making rate filings.

The plaintiffs allege that First Mercury breached this duty because the payment was to occur on October 20, 2008 which was thirty days after the settlement agreement was reduced to writing. The settlement

3

was received on October 28, 2008, eight days later. First Mercury argues that it did not violate the statute because it sent the settlement draft for overnight delivery through DHL on October 17, 2008 directly to the plaintiffs' attorney['s] office on October 18, 2008 or October 20, 2008. First Mercury contends that it did not know that DHL was not making overnight deliveries in Alexandria, Louisiana, so the late delivery was justified, not intentional as required by the statute.

Contrary[sic], the plaintiffs argue that the failure to pay was arbitrary and capricious because on October 13, 2008, the plaintiffs' attorney sent correspondence to First Mercury's counsel warning that the settlement deadline was approaching because of the defendant's reluctance and delay during the lawsuit by upsetting a planned mediation in November 2007, cancelling a mediation in August 2008, and indications that the defendant would wait until the last minute to pay the funds.

In *Sultana v. Jewelers Mutual Insurance*, 860 So.2d 1112, 1119 (La. 2003), the defendant failed to pay the amount owed within thirty days of settlement because of a clerical error in the defendant's office. After discovering the error, counsel for the defendant immediately forwarded a settlement check. The defendant argued that Sultana did not suffer actual damages as a result of the delay. The Louisiana Supreme Court held [the defendant] cannot shield itself by hiding behind its assertion that timely payment was not forthcoming because of a clerical error.

Likewise, in this case, the defendant claims that the delay in payment was a result of a clerical error on the part of a third party. However, it is the determination of this Court that First Mercury had ample time to pay the funds to the plaintiffs, but insisted on delaying the payment to the last minute. This Court does not accept defendant's argument that it is DHL that caused the delay, not the defendant. The problem with DHL could have been avoided had the defendant not waited until October 18, 2008 to "overnight" the payment. According to the[sic] La. R.S. 22: 1220 because of the defendant's late payment, the plaintiffs are entitled to a penalty of at least $5,000.00. Thus, this Court casts the defendant with $5,000.00 in penalties.

Furthermore, because of the defendant's failure to pay the settlement within thirty days as required by statute, the plaintiffs argue that they should be awarded general or special damages without a showing of actual damages.

The Court held "The language of the statute does not expressly require that a claimant suffer damages before recovering penalties. Moreover, if this requirement was so, the statute's purpose more often would be thwarted. Claimants may decide not to file claims against

4

insurers if the disputed amount or the damages are not substantial. As an end result, the misconduct which the legislature obviously intended to curb or deter would thrive. Thus, we find if an insurer commits any one of the acts enumerated in Section 1220 (B), penalties may be imposed without a showing of damages." *Sultana v. Jewelers Mutual Insurance*, 860 So.2d 1112 (La. 2003).

In this case, the plaintiffs assert that Ms. Betty Morrison had been under constant stress because of the lawsuit. At the hearing, Ms. Morrison and her witness testified that she and her children had been living below the poverty line because of her inability to work. She has had to depend on her father to help with expenses as a result of her injuries due to the accident. She testified that she and her children were eagerly anticipating the disbursement of the settlement to help with their living expenses and relieve her father from her financial burden. When the settlement proceeds did not arrive on schedule, this exerted more stress and disappointment.

Therefore, this Court awards the plaintiffs $15,000 in damages ($5,000 per plaintiff) as a result of the defendant's failure to pay the settlement in the time limit prescribed by statute.

Louisiana R.S. 22:658 provides in pertinent part:

> A. (1) All insurers issuing any type of contract, other than those specified in R.S. 22: 656, R.S. 22: 657, and Chapter 10 of Title 23 of the Louisiana Revised Statutes of 1950, shall pay the amount of any claim due any insured within thirty days after receipt of satisfactory proof[s] of [loss] from the insured or any party in interest.
>
> (2) All insurers issuing any type of contract... shall pay the amount of any third party property damage [claim] and of any reasonable medical expenses claim due any bona fide third party claimant within thirty days after written agreement of settlement of the claim from any third party claimant.
> [. . . .]
> B. (1) Failure to make such payment within thirty days after receipt of such satisfactory written proofs and demand therefore or failure to make a written offer to settle any property damage claim, including a third-party claim, within thirty days after receipt of satisfactory proofs of loss of that claim, as provided..., or failure to make such payment within thirty days after written agreement or settlement as provided in Paragraph A(2), when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in

addition to the amount of the loss, of fifty percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars, whichever is greater, payable to the insured, or to any of said employees, or in the event of a partial payment or tender has been made, fifty percent of the difference between the amount paid or tendered and the amount found to be due as well as reasonable attorney fees and costs. Such penalties, if awarded, shall not be used by the insurer in computing either past or prospective loss experience for the purpose of setting rates or making rate filings.

First Mercury argues that in order to receive penalties under La. R.S. 22:658, the plaintiff[s] must prove that First Mercury's failure to pay was arbitrary, capricious, or without probable cause.

Both La.R.S. 22:658 and La. R.S. 22:1220 require proof that the insurer was arbitrary, capricious, or without probable cause, a phrase that is synonymous with "vexatious." "Vexatious refusal to pay means unjustified, without reasonable or probable cause or excuse." *Reed v. State Farm Mutual Ins.*, 857 So.2d 1012, [1021](La. 2003).

The plaintiffs assert that First Mercury's failure to pay was arbitrary and capricious because the plaintiffs' counsel was contacted by counsel for First Mercury on October 16, 2008, who stated that the payment was going to be delayed one day and requested an agreement for extra time. When the request was denied, First Mercury's counsel stated that there was going to be no additional effort to make sure the check was on time because the plaintiffs would not waive [their] statutory rights of enforcement. The plaintiffs further contend that on October 17, 2008, they were informed by email that the check would be delivered on October 20, 2008. Moreover, on October 21, 2008, First Mercury['s] counsel stated that it would recommend that the money be wire transferred if plaintiffs would waive their statutory rights, but before any reply was made First Mercury retracted stating it could not wire the money.

First Mercury also argues that the payment was not late because the settlement was contingent upon approval by the worker's compensation judge of the settlement between the plaintiff and Michael's Stores, Inc. The condition did not occur until the judge signed the order approving the worker's compensation settlement. Therefore, the time period to pay the settlement did not begin until October 30, 2008.

This Court disagrees. The statute provides that the payment must be made within thirty days of the written settlement agreement. The payment did not occur until after that time period which ended on

6

October 20, 2008. Based on the facts and correspondence between the parties, this Court finds that First Mercury's failure to pay the settlement proceeds was arbitrary and capricious.

The plaintiffs argue they were required to pay $70,333.00 to Michaels Stores as the workers compensation intervenor. The total amount of the lien as of September 5, 2008 was $105,351.79, with $82,077.41 of that amount being medical expenses. One-third of the total was reduced in the settlement for attorney's fees. Therefore, one-third of the $82,077.41 was for medical expense reimbursement, or $54,718.27. Accordingly, 50% of that amount, $27,359.14, should be awarded to the plaintiffs.

According to statute, the defendant is to be penalized fifty (50%) percent of the amount of the damage or loss. Thus, this Court awards the plaintiffs $27,359.14. Additionally, the plaintiffs are entitled to attorney's fees of $2,500.00 plus court costs.

On appeal, the defendants basically set out the same arguments they used at the trial level. Since we find no error in the ruling of the trial court, we also find no merit to the defendants' arguments on appeal.

We find no merit to their argument that the required approval of the workers' compensation judge constituted a suspensive condition which suspended the thirty-day limit imposed by the statutes at issue. A workers' compensation settlement requires that the settlement amount be tendered at the time of the settlement. Hence, the workers' compensation judge could not "approve" the settlement until the funds were tendered. Since the settlement funds were not tendered within the thirty-day statutory mandate, this argument is without merit.

The defendants also argue that they were not arbitrary and capricious, but acting in good faith in placing the settlement funds in the hands of DHL for, what they believed to be, over-night, on-time delivery. Therefore, they argue, any penalties awarded under La.R.S. 22:1220 were awarded in error. However, the law does not support the defendants' argument. In *Louisiana Bag Co., Inc. v. Audubon*

7

*Indemnity Co.*, 08-453, pp. 13-17 (La. 12/2/08), 999 So.2d 1104, 1114-16 (footnotes

omitted)(emphasis ours), the Louisiana Supreme Court stated:

> Turning now to what is arbitrary, capricious or without probable cause, this court has previously stated in *Reed v. State Farm Auto. Ins. Co.*, 03-0107 (La.10/21/03), 857 So.2d 1012, that the New Oxford English American Dictionary defines an "arbitrary" act as one " 'based on random choice or personal whim, rather than reason or system,' " and capricious as " 'given to sudden and unaccountable changes in behavior.' " *Id.* at 1020. The phrase "arbitrary, capricious, or without probable cause" is synonymous with "vexatious," and a "vexatious refusal to pay" means "unjustified, without reasonable or probable cause or excuse." *Id.* at 1021. *See also La. Maint. Servs., Inc. v. Certain Underwriters at Lloyd's of London*, 616 So.2d 1250, 1253 (La.1993). Both phrases describe an insurer whose willful refusal of a claim is not based on a good-faith defense. *Reed*, 857 So.2d at 1021. *See also La. Maint.*, 616 So.2d at 1253.

> This court has also stated that penalties should be imposed only when the facts "negate probable cause for nonpayment." *Guillory v. Travelers Ins. Co.*, 294 So.2d 215, 217 (La.1974). *See also Crawford v. Al Smith P. & H. Serv., Inc.*, 352 So.2d 669, 673 (La.1977); *McDill v. Utica Mut. Ins. Co.*, 475 So.2d 1085, 1092 (La.1985). An insurer's conduct depends on the facts known to the insurer at the time of its action, and this court has declined to assess penalties "when the insurer has a reasonable basis to defend the claim and acts in good-faith reliance on that defense." *Reed*, 857 So.2d at 1021 (citing *Block v. St. Paul Fire & Marine Ins. Co.*, 32,306 (La.App. 2 Cir. 9/22/99), 742 So.2d 746, 752, 754). Specifically, when there is a "reasonable and legitimate question as to the extent and causation of a claim, bad faith should not be inferred from an insurer's failure to pay within the statutory time limits when such reasonable doubts exist." *Id.* (citing *Block*, 742 So.2d at 752). In these instances, when there are substantial, reasonable and legitimate questions as to the extent of an insurer's liability or an insured's loss, failure to pay within the statutory time period is not arbitrary, capricious or without probable cause.

> . . . .

> In sum, an insurer need not pay a disputed amount in a claim for which there are substantial, reasonable and legitimate questions as to the extent of the insurer's liability or of the insured's loss. *Reed*, 857 So.2d at 1021. However, *an insurer must pay any undisputed amount over which reasonable minds could not differ. McDill*, 475 So.2d at 1092. *Any insurer who fails to pay said undisputed amount has acted in a manner that is, by definition, arbitrary, capricious or without probable cause*, *Hammett*, 160 So. at 304-05, *and will be subject to*

8

*penalties. . . .*

In the case before us, there is no disputed claim. Both sides agreed on the amount of the plaintiffs' damages in the settlement, and all that remained was for the defendants to pay that amount.

The defendants further argue that the plaintiffs failed to prove damages and that the trial court erred in awarding damages on the loss of consortium claims. Proof of damages is not a prerequisite to the recovery of penalties under La.R.S. 22:1220; the trial court's award of penalties is discretionary. *Sultana Corp.*, 860 So.2d 1112. Additionally, La.R.S. 22:1220 does not limit the type of damages for which penalties may be awarded. We find no error in the trial court's awards.

As to the defendants' argument that they acted in "good faith" in trusting delivery of the settlement check to DHL, an insurer "cannot not shield itself from potential liability for penalties by hiding behind its assertion that timely payment was not forthcoming because of a clerical error [in this case picking the wrong means of delivery]." *Sultana Corp.*, 860 So.2d at 1119.

Finally, the defendants argue that La.R.S. 22:658 "is simply not applicable to this case. Plaintiff cannot 'piggy back' her obligation to reimburse the worker's [sic] compensation intervenor into a failure to timely pay medical expenses to a third party." We disagree. The law is clear: "All insurers issuing any type of contract, . . . , shall pay the amount of any third party property damage claim and of *any reasonable medical expenses claim due any bona fide third party claimant* within thirty days after written agreement of settlement of the claim from any third party claimant." La.R.S. 22:658(A)(2). Further, section (B)(1) (emphasis ours) provides:

> Failure to make such payment within thirty days after receipt of
> such satisfactory written proofs and demand therefor or failure to make

9

a written offer to settle any property damage claim, including a third-party claim, within thirty days after receipt of satisfactory proofs of loss of that claim, as provided in Paragraphs (A)(1) and (4), respectively, or *failure to make such payment within thirty days after written agreement or settlement* as provided in Paragraph (A)(2), *when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of fifty percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars, whichever is greater, payable to the insured . . . .*

Accordingly, for the reasons stated, the judgment of the trial court is affirmed.

All costs of this appeal are assessed to the appellants, First Mercury Insurance Company and its insured, Jorge Dino.

**AFFIRMED.**