CARTER, C.J.
| {.The plaintiff insured appeals the trial court’s grant of summary judgment in favor of the defendant insurer that resulted in the dismissal of the insured’s claim for statutory penalties and attorney’s fees under former LSA-R.S. 22:658 (current LSA-R.S. 22:1892). For the reasons expressed, we reverse and remand for further proceedings.
FACTS
This case arises out of a motor vehicle collision in East Baton Rouge Parish on October 27, 2006. Steven W. Richardson, insured by GEICO Indemnity Company (GEICO) [1], was seriously injured when a vehicle operated by Timothy G. Coryell, and insured by Safeco Insurance Company, negligently struck his vehicle. On March 10, 2007, Richardson settled with Coryell and Safeco for Safeco’s policy limits of $50,000.00 after Safeco confirmed Coryell’s liability for the accident.
Shortly thereafter, by a letter dated May 23, 2007, Richardson demanded that GEICO unconditionally tender its underin-sured motorist (UIM) policy limits of $25,000.00, plus $3,000.00 for medical payments coverage. It is undisputed that GEICO received Richardson’s demand letter on May 25, 2007. Attached to Richardson’s demand letter was a copy of Safeco’s $50,000.00 check made payable to Richardson and his attorney; an affidavit of Safe-co’s insured attesting to the fact that he had no other automobile liability insurance coverage in effect; a copy of the police report; and copies of Richardson’s medical records and medical |3bills reflecting that Richardson’s medical treatment through May 2007 totaled over $65,000.00, well above the underlying liability insurance coverage.[2]
It is undisputed that Richardson’s demand letter did not contain information about any claim for reimbursement involving medical payments that were previously made by the Medical Care Recovery Unit of the Department of the Navy (the Navy). It is also undisputed that GEICO received separate notification of the Navy’s lien in a “Notice of Claim” that was sent to GEICO by the Navy on March 9, 2007, almost three months prior to GEICO’s receipt of Richardson’s demand letter. The Navy’s notice indicated that the “United States” was making claim to “any and all available insurance coverage including, but not limited to, ... Medical Payments, [and] Un-derinsured or Uninsured benefits” for the reasonable value of the medical care and treatment that had been provided by or through the United States to Richardson, with proof of the medical expenses to be *310 forwarded at a later date.[3]
After receiving the Navy’s notice-of-claim letter and Richardson’s demand letter, GEICO began a series of numerous contacts and/or attempts to contact Richardson’s attorney’s office, as well as the Navy, in an effort to confirm the amount and payment details for the Navy’s outstanding medical payments lien.[4] On June 6, 2007, the Navy’s representative informed GEICO that the Navy’s lien amount totaled $13,976.57, and that Richardson’s attorney had requested a |4compromise of the lien. Approximately three weeks later, on June 20, 2007, GEI-CO sent a letter to Richardson’s attorney, advising of GEICO’s “intent to offer the [UIM] policy limits of $25,000.00 pursuant to [Richardson’s] demand [letter] of May 24th, 2007.” Additionally in the intent-to-offer letter, GEICO reiterated that “the issues regarding the Navy lien ... also need to be addressed along with the specific distribution of the Medical Payments benefits.” Further, GEICO’s notice of its intent to offer the UIM policy limits was conditioned upon the proper execution of Safeco’s underlying liability insurance release, as well as GEICO’s UIM release.[5] On June 21, 2007, Richardson’s attorney’s office representative confirmed receipt of GEICO’s intent-to-offer letter, advised GEICO that the Navy’s lien amount was now $14,799.19, and informed GEICO that further negotiations were ongoing with Richardson regarding a reduction of the lien.
After GEICO sent the intent-to-offer letter, GEICO continued to attempt to contact Richardson’s attorney to discuss the issue of the Navy’s lien and the status of the case. On July 16, 2007, Richardson’s attorney’s office contacted GEICO to inform GEICO that the Navy’s lien had finally been settled for $12,000.00. Two days later, Richardson’s attorney advised GEICO in a faxed letter that due to the settlement of the medical payments lien from the underlying liability policy limits, GEICO was released from any obligation to pay the lien.[6] Richardson’s attorney further informed GEICO that a release could not be required as a condition of payment of the UIM policy limits, and doing so was “contrary to law and unreasonable, arbitrary and capricious.” Richardson’s attorney made demand “once again” for an immediate and unconditional tender of Richardson’s UIM Impolicy limits and any available medical payments coverage. At this point, Richardson’s attorney indicated that a satisfactory proof of loss had been provided to GEICO in the May 23, 2007 letter, and that GEICO had breached its contractual obligations to Richardson, subjecting GEICO to statutory damages and attorney’s fees. GEICO responded on July 18, 2007, by forwarding cheeks for Richardson’s $25,000.00 UIM policy limits and $3,000.00 medical payments coverage.[7]
*311 On October 12, 2007, Richardson filed a petition against GEICO, alleging that GEICO had arbitrarily and capriciously, and without good cause, failed to make a timely and unconditional UIM tender to Richardson, thereby entitling Richardson to statutory penalties and attorney’s fees. The petition did not include any allegations regarding the Navy’s lien. GEICO answered Richardson’s petition by denying that the letter it received on May 25, 2007, was a satisfactory proof of loss, since the letter did not include information regarding the Navy’s lien. Additionally, GEICO asserted that it had diligently attempted to address and resolve the Navy’s hen with Richardson’s attorney, but was not able to confirm the amount and the settlement of the lien until July 16, 2007, contending that it was at that point that GEICO received a satisfactory proof of loss. Because a tender of the UIM policy limits and medical payments coverage was promptly forwarded to Richardson’s attorney two days after receipt of the Richardson’s satisfactory proof of loss, GEICO asserted that Richardson’s claim for statutory penalties and attorney’s fees was without merit.
Almost two years later, on July 31, 2009, GEICO filed a motion for summary judgment, with a supporting affidavit referencing numerous attached exhibits. The affidavit was sworn by GEICO’s Claims Examiner, Thomas Miller, |fiwho had personally worked on Richardson’s claim. GEICO argued in its motion for summary judgment that Richardson was not entitled to penalties and attorney’s fees against GEICO for “bad faith” because the pleadings, exhibits, and Miller’s affidavit showed that Richardson could not sustain his burden of proving that GEICO “failed to pay” the UIM claim within thirty days of receiving “satisfactory proof of loss.” Additionally, GEICO argued that Richardson could not sustain his burden of proving that GEICO was arbitrary, capricious, or without probable cause in allegedly “failing” to timely pay Richardson’s UIM claim. Richardson filed no affidavits or memorandum in opposition to GEICO’s motion for summary judgment.
In its memorandum in support of the motion for summary judgment, GEICO maintained that the statutory thirty-day time period in LSA-R.S. 22:658[8] did not begin to run until the Navy’s lien was “finalized.” Once GEICO was informed that the Navy’s lien had been settled and that GEICO was authorized to pay the UIM limits and medical payment coverage directly to Richardson, GEICO promptly issued payment the following day. Thus, GEICO contended that Richardson was paid within the statutory time period. Alternatively, GEICO argued that it diligently and actively adjusted Richardson’s UIM claim in good faith, attempting to resolve the uncertainty of the Navy’s lien for the medical payments coverage, and reasonably relied on a good faith defense that it could not directly pay Richardson the UIM limits until the Navy’s lien was finally resolved. GEICO also ^maintained that Richardson’s attorney and/or attorney’s of *312 fice staff had acknowledged that it was necessary for GEICO to verify the Navy’s lien before making an unconditional tender.
On November 9, 2009, the summary judgment motion was tried. Judgment in favor of GEICO, dismissing Richardson’s claims with prejudice, was signed on November 20, 2009. No reasons were assigned. On appeal, Richardson contends that the trial court erred in failing to find that GEICO was arbitrary, capricious, or without probable cause when it failed to unconditionally tender the undisputed portion of Richardson’s claim within the statutorily-mandated time period after GEICO received a satisfactory proof of loss on Richardson’s UIM and medical payments claims,
SUMMARY JUDGMENT
Appellate courts review summary judgment de novo, using the same criteria that govern the trial court’s consideration of whether summary judgment is appropriate. Pugh v. St. Tammany Parish School Bd., 07-1856 (La.App. 1 Cir. 8/21/08), 994 So.2d 95, 97 (on rehearing), writ denied, 08-2316 (La.11/21/08), 996 So.2d 1118. An appellate court thus asks the same questions as does the trial court in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover is entitled to summary judgment as a matter of law. Ernest v. Petroleum Service Corp., 02-2482 (La.App. 1 Cir. 11/19/08), 868 So.2d 96, 97, writ denied, 03-3439 (La.2/20/04), 866 So.2d 830. A motion for summary judgment should only be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the moving party is entitled to summary judgment as a matter of law. LSA-C.C.P. art. 966 B. Summary judgment is favored and “is designed to secure |sthe just, speedy, and inexpensive determination of every action.” LSA-C.C.P. art. 966 A(2).
On a motion for summary judgment, the initial burden of proof remains with the moving party. However, if the mover will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the mover’s burden on the motion does not require him to negate all essential elements of the opposing party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the opposing party’s claim, action, or defense. Thereafter, if the opposing party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. LSA-C.C.P. art. 966 C(2).
Once the motion for summary judgment has been properly supported by the moving party, the failure of the opposing party to produce evidence of a material factual dispute mandates the granting of the motion. Pugh, 994 So.2d at 97; see also LSA-C.C.P. art. 967 B. But the law is well settled that the record as a whole must show that all critical elements of the opposing party’s case have been put to rest, regardless of whether the opposing party filed counter affidavits. This is because the burden of proof is on the mover to present a prima facie case; the opponent has nothing to prove in response to the motion if a prima facie case is not made. Estain v. U.S. Dept. of Transp. and Development, 01-0554 (La.App. 1 Cir. 5/10/02), 819 So.2d 375, 378. Further, despite the legislative mandate that summary judgments are favored, factual inferences reasonably drawn from the evidence must be *313 construed in favor of the party opposing the motion, and all doubt must be resolved in the opponent’s favor. Willis v. Medders, 00-2507 (La.12/8/00), 775 So.2d 1049, 1050.
loin Smith v. Our Lady of the Lake Hosp., Inc., 93-2512 (La.7/5/94), 639 So.2d 730, 751, the Louisiana Supreme Court set forth the following parameters for determining whether an issue is genuine or a fact is material:
A “genuine issue” is a “triable issue.” More precisely, “[a]n issue is genuine if reasonable persons could disagree. If on the state of the evidence, reasonable persons could reach only one conclusion, there is no need for a trial on that issue. Summary judgment is the means for disposing of such meretricious disputes.” In determining whether an issue is “genuine,” courts cannot consider the merits, make credibility determinations, evaluate testimony or weigh evidence. “Formal allegations without substance should be closely scrutinized to determine if they truly do reveal genuine issues of fact.”
A fact is “material” when its existence or nonexistence may be essential to plaintiffs cause of action under the applicable theory of recovery. “[Fjacts are material if they potentially insure or preclude recovery, affect a litigant’s ultimate success, or determine the outcome of the legal dispute.” Simply put, a “material” fact is one that would matter on the trial on the merits. Any doubt as to a dispute regarding a material issue of fact must be resolved against granting the motion and in favor of a trial on the merits. [Citations omitted.]
Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. Guardia v. Lakeview Regional Medical Center, 08-1369 (La.App. 1 Cir. 5/8/09), 13 So.3d 625, 628.
LAW AND ANALYSIS
At issue in GEICO’s motion for summary judgment is the appropriate date of Richardson’s satisfactory proof of loss, if any, and whether GEICO arbitrarily, capriciously, and without probable cause failed to pay Richardson’s UIM and medical payments claims within thirty days of receipt of the satisfactory proof of loss. As the moving party, GEICO had the initial but-den of proof for purposes of seeking summary judgment; however, as a defendant in this matter, GEICO would not bear the burden of proof on these issues at trial. Therefore, GEICO was only |inrequired to point out to the trial court that there was an absence of factual support for one or more elements essential to Richardson’s action.
Louisiana Revised Statutes 22:658 A(l) requires all insurers to pay the amount of any claim due any insured within thirty days after receipt of satisfactory proofs of loss. Section B(l) of this statute provides the following:
Failure to make such payment within thirty days after receipt of such satisfactory written proofs and demand therefor ..., when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of fifty percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars, whichever is greater, payable to the insured, ... or in the event a partial payment or tender has been made, fifty percent of the difference between the amount paid or tendered and the amount found to be due as well as reasonable attorney fees and costs.
*314 This statute must be strictly construed because it is penal in nature. Hart v. Allstate Ins. Co., 437 So.2d 828, 827 (La.1983). Furthermore, this statute is applicable to a UIM claim. Id. An insured who claims penalties and attorney’s fees under this statute has the burden of proving that the insurer received a “satisfactory proof of loss” as a necessary predicate to a showing that the insurer was arbitrary, capricious, or without probable cause. Id., 437 So.2d at 827-828.
It is well-settled that a satisfactory proof of loss is that which is sufficient to fully apprise the insurer of the insured’s claims. Louisiana Bag Co., Inc. v. Audubon Indem. Co., 08-0453 (La.12/2/08), 999 So.2d 1104, 1119. See also McDill v. Utica Mut. Ins. Co., 475 So.2d 1085, 1089 (La.1985). Accordingly, for a satisfactory proof of loss of a UIM claim, the insured must establish that the insurer received sufficient facts to fully apprise the insurer that the owner or operator of the other vehicle involved in the accident was uninsured or underinsured, that he was at fault, that such fault gave rise to damages, and establish the extent of those damages. Hart, 437 So.2d at 828. Further, to prevail |nunder LSA-R.S. 22:658 B(l), the insured must establish that the insurer received satisfactory proof of loss, failed to pay the claim within the applicable statutory period, and that the failure to timely tender a reasonable amount was arbitrary, capricious, or without probable cause. Louisiana Bag Co., 999 So.2d at 1112-1113; Khaled v. Windham, 94-2171 (La.App. 1 Cir. 6/23/95), 657 So.2d 672, 679, writ denied, 95-1914 (La.11/1/95), 661 So.2d 1369.
Louisiana has adopted liberal rules concerning the lack of formality relative to proof of loss. Louisiana Bag Co., 999 So.2d at 1119; Sevier v. U.S. Fidelity & Guar. Co., 497 So.2d 1380, 1384 (La.1986); Versai Management Corp. v. Clarendon America Ins. Co., 597 F.3d 729, 739 (5th Cir.2010). As long as the insurer obtains sufficient information to act on the claim, the manner in which it obtains the information is immaterial. Sevier, 497 So.2d at 1384. Thus, a satisfactory proof of loss occurs when the insurer has adequate knowledge of the loss. Versai Management Corp., 597 F.3d at 739. Whether and when a satisfactory proof of loss was received is a question of fact. Boudreaux v. State Farm Mut. Auto. Ins. Co., 04-1339 (La.App. 4 Cir. 2/2/05), 896 So.2d 230, 236.
However, the statutory penalties are inappropriate when the insurer has a reasonable basis to defend the claim and was acting in good-faith reliance on that defense. Block v. St. Paul Fire & Marine Ins. Co., 32,306 (La.App. 2 Cir. 9/22/99), 742 So.2d 746, 752. This is especially true where there is a reasonable and legitimate question as to the extent and causation of a claim; bad faith should not be inferred from an insurer’s failure to pay within the statutory time limits when such reasonable doubts exist. Id. In order for an insurer to avoid being arbitrary or capricious after receiving a satisfactory proof of loss, it is necessary for the insurer to determine whether there exists a legitimate basis for not paying at least what it considers to be undisputed. Reed v. State Farm Mut. Auto. Ins. Co., 03-0107 (La.10/21/03), 857 So.2d 1012, 1022. The determination of whether an insurer acted in bad faith turns on the facts and circumstances of each case. This is because a prerequisite to any recovery under the statute is a finding that the insurer not only acted (or failed to act), but did so, arbitrarily, capriciously, and without probable cause. As this determination is largely factual, great deference must be accorded the trier-of-fact. Block, 742 So.2d at 752.
*315 GEICO attempted to point out in its motion for summary judgment that Richardson was unable to prove that a satisfactory proof of loss had been made until GEICO received notice of the amount and final settlement of the Navy’s lien on July 16, 2007. However, one of the attachments to the Miller affidavit submitted in support of GEICO’s motion for summary judgment reveals that in GEICO’s June 20, 2007 notice-of-intent letter, in which it indicated that it intended to offer the UIM policy limits to Richardson, GEICO acknowledged that its intent to offer the UIM limits was made “pursuant to [Richardson’s] demand of May 2Uth, 2007.” (Emphasis added.) Thus, the evidence offered by GEICO to point out Richardson’s lack of a satisfactory proof of loss actually shows the opposite. GEICO’s intent-to-offer letter clearly reveals that GEICO was in receipt of a satisfactory proof of loss for Richardson’s claim on May 25, 2007, when it indisputably received Richardson’s demand letter and intended to offer the UIM policy limits to its insured in response to that demand. Accordingly, GEICO had thirty days (until June 24, 2007) to pay the amount of the UIM claim that was due Richardson. It is undisputed that payment was not made until July 17, 2007, which is outside of the thirty-day time period.
GEICO argues, however, that Richardson produced no evidence to show that GEICO acted in an arbitrary and capricious manner in making the untimely payment. GEICO submitted Miller’s affidavit in support of the summary | ^judgment, outlining GEICO’s numerous and repeated attempts to contact Richardson’s attorney and/or a representative of the Navy in order to resolve the issue of the outstanding medical payments lien. The evidence reveals that GEICO attempted to contact Richardson’s attorney on June 21, 2007, but instead spoke with a representative in the attorney’s office. GEICO was advised that GEICO’s intent-to-offer the UIM limits letter had been received. Richardson’s attorney’s office representative confirmed that GEICO’s intent-to-offer letter “satisfied [Richardson’s] demand within the statutory deadlines[,]” and that Richardson “did not expect GEICO to release funds until the issue of the Navy’s lien was addressed.” According to Miller’s affidavit, Richardson’s attorney also advised GEICO on June 28, 2007, that he understood that GEICO was “not delaying payment, but was only seeking verification that the lien issues had been addressed.” Thus, GEI-CO maintains that its attempt to confirm the Navy’s lien was a legitimate and reasonable reason to delay payment to Richardson that precludes penalties and attorney’s fees under LSA-R.S. 22:658.
A determination of whether an insurer’s failure or refusal to pay within the time limits is arbitrary, capricious, or without probable cause is primarily a question of fact that depends upon facts known to the insurer at the time of the insurer’s action. Louisiana Bag Co., 999 So.2d at 1114; Cryer v. Gulf Ins. Co., 276 So.2d 889, 892 (La.App. 1 Cir.1973). The phrase “arbitrary, capricious, or without probable cause” is synonymous with “vexatious,” and a “vexatious refusal to pay” means “unjustified, without reasonable or probable cause or excuse.” Reed, 857 So.2d at 1021. In this regard, the record indicates that GEICO knew of the Navy lien well before it received Richardson’s demand letter, and that GEICO actively attempted to verify the amount of the Navy claim before making payments under the UIM policy limits and medical payments coverage. GEICO argues that 114it reasonably relied upon the assertions of a representative in Richardson’s attorney’s office that the statutory time line had been met, and Richardson did not submit any opposing evidence to the contrary.
*316 But the evidence submitted by GEICO also clearly shows that GEICO became aware of the estimated amount of the Navy lien as early as June 6, 2007, when GEICO was informed by the Navy representative that the lien amount was $13,976.57. Therefore, even though GEI-CO was advised that Richardson’s attorney was actively seeking a compromise of the Navy’s lien, GEICO had actual and adequate knowledge by June 6, 2007, that the undisputed amount involved in Richardson’s UIM claim was the difference between the $25,000.00 UIM policy limits and the approximate $14,000.00 amount of the Navy lien. At that point, Richardson contends that GEICO should have unconditionally tendered the undisputed amount to Richardson with the Navy named as an additional payee on the check, pursuant to McDill, 475 So.2d at 1091-1092. We agree.
While the insurer is not required to tender payment for amounts that are reasonably in dispute, “there can be no good reason — or no probable cause — for withholding an undisputed amount.” Louisiana Bag Co., 999 So.2d at 1114 (quoting Hammett v. Fire Ass’n of Philadelphia, 181 La. 694, 160 So. 302, 304305 (1935)). Pursuant to LSA-R.S. 22:658, an insurer is required to make an unconditional payment of what it indisputably owes when the insured has demonstrated that he is entitled to recover under the insurance contract. Demma v. Auto. Club Inter-Insurance Exchange, 08-2810 (La.6/26/09), 15 So.3d 95, 103104. The record clearly shows that GEICO made no unconditional tender of the undisputed portion of the UIM limits in this case. GEICO’s intent-to-offer letter outlining the terms of payment of the UIM policy limits was not absolute and unconditional, without stipulations and conditions. See Warner v. Liberty Mut. Fire Ins. Co., 543 So.2d 511, 515-516 (La.App. 4 Cir.1989). An unconditional tender must have “no strings attached,” and thus by definition cannot be an offer to settle or a letter outlining the intent to offer a settlement. Demma, 15 So.3d at 102.
A McDill tender must be an unconditional tender. Id. Further, the McDill tender is a good faith act on the part of the insurer acknowledging the insurer’s contractual obligation to pay. Id., 15 So.3d at 104. An insurer that has a reasonable basis to defend the claim and who acts in good faith reliance on that defense is not subject to sanctions under LSA-R.S. 22:658 unless clear proof is presented that the insurer was arbitrary, capricious, or without probable cause in refusing to pay. Id. While GEICO argues it reasonably relied on Richardson’s attorney’s representative’s assertions that GEICO’s letter evidencing the intent to offer the UIM policy limits satisfied Richardson’s demands, GEICO fails to point out how that reliance affected its obligation to unconditionally tender the undisputed amount of Richardson’s UIM and medical payments claims when GEICO had actual and adequate knowledge of the undisputed amount on June 6, 2007.
The Louisiana Supreme Court has recognized that “[a]ny insurer who fails to pay [an] undisputed amount has acted in a manner that is, by definition, arbitrary, capricious or without probable cause ...” Louisiana Bag Co., 999 So.2d at 1116 (citation omitted)(emphasis added). Thus, the failure to pay an undisputed amount is a per se violation of the statute. See Id.; Versai Management Corp., 597 F.3d at 739. GEICO’s motion for summary judgment evidence failed to “point out” an absence of factual support that GEICO arbitrarily, capriciously, and without probable cause failed to unconditionally tender the undisputed amount of the UIM claim within thirty days of receiving Richardson’s satisfactory proof of loss. Thus, hfiwe con- *317 elude that GEICO did not meet its burden of presenting a prima facie case in its motion for summary judgment. Accordingly, the trial court erred in granting summary judgment in favor of GEICO and in dismissing Richardson’s suit. See Es-tain, 819 So.2d at 378.
CONCLUSION
For the reasons assigned, we reverse the grant of summary judgment in favor of GEICO on Richardson’s claim for statutory penalties and attorney’s fees due to GEICO’s failure to unconditionally tender the undisputed portion of Richardson’s UIM and medical payments claims within the statutorily-mandated time period.' We remand to the trial court for further proceedings in accordance with this opinion. All costs of this appeal are assessed to defendant insurer, GEICO Indemnity Company.
REVERSED AND REMANDED.

. At times in the record, GEICO is also referred to as Government Employees Insurance Company.

. A copy of the demand letter is in the record; however, the attachments referenced in the demand letter were not included in the evidence filed in the record. The demand letter was attached to an affidavit executed by GEI-CO's Claims Examiner, Thomas Miller, who personally handled Richardson’s UIM claim. The Miller affidavit was filed and admitted into evidence in support of GEICO’s motion for summary judgment.

. A copy of the Navy's claim letter was attached to Miller’s affidavit.

. Miller's affidavit outlines at least twenty-two instances where GEICO contacted the Navy’s representative or Richardson’s attorney and/or attorney’s office representative in an attempt to address the issue of the Navy's outstanding lien.

. A copy of GEICO’s intent-to-offer letter was attached to Miller’s affidavit.

. A copy of the faxed letter was attached to Miller’s affidavit. Additionally, a copy of the “Agreement to Protect Government's Interest" executed by Richardson’s attorney on February 12, 2007, and accepted by the Navy on March 5, 2007, was attached to Miller’s affidavit as well.

. A copy of GEICO’s letter outlining the payment of Richardson’s UIM policy limits and medical payments coverage was attached to Miller’s affidavit.

. Acts 2008, No. 415, § 1, effective January 1, 2009, re-designated the provisions of Title 22 into a new format and numbering scheme, including the re-numbering of former LSA-R.S. 22:658 to the current LSA-R.S. 22:1892 and former LSA-R.S. 22:1220 to the current LSA-R.S. 22:1973, without changing the substance of the provisions. Both of these statutes prohibit insurers from failing to timely pay claims after receiving satisfactory proofs of loss when that failure to pay is arbitrary, capricious, or without probable cause. However, only the shorter time period of thirty days provided in LSA-R.S. 22:658 (current LSA-R.S. 22:1892) is at issue in this case. Because Richardson’s cause of action arose under the previous statute number, it will be utilized throughout this opinion. See Guillory v. Lee, 09-0075 (La.6/26/09), 16 So.3d 1104, 1111 n. 5.